# EXHIBIT "B"

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

T. LEE ROUSE,

CIVIL DIVISION

No.: GD-21-14912

Plaintiff,

Code 009 Other Tort

v.

KIMBERLY ROSENBERG and
HOWARD ROSENBERG,
her husband, MARTHA LAUX and
COUNSELING AND WELLNESS
CENTER OF PITTSBURGH LLC

Defendants.

**COMPLAINT IN CIVIL ACTION**

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with
the provisions of the *Case Records
Public Access Policy of the Unified
Judicial System of Pennsylvania*
that require filing confidential
information and documents differently
than non-confidential information and
documents.

_____
Mark J. Homyak
(412) 391-6636
PA. ID. No. 30254

Filed on Behalf of Plaintiff

Counsel of Record for This Party:

Mark J. Homyak
PA ID No.: 30254
Mark@homyaklaw.com

THE HOMYAK LAW FIRM, P.C.
3333 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

T112642
14 December 2021
10:24:24
GD-21-014912

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

T. LEE ROUSE,                                    CIVIL DIVISION

                                                 No.:

    Plaintiff,

v.

KIMBERLY ROSENBERG and
HOWARD ROSENBERG,
her husband, MARTHA LAUX and
COUNSELING AND WELLNESS
CENTER OF PITTSBURGH LLC

    Defendants.

## NOTICE TO DEFEND

    YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND
AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU
MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS
COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN
APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN
WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE
CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU
FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A
JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT
WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE
COMPLAINT OR FOR ANY CLAIM OR RELIEF REQUESTED BY THE
PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS
IMPORTANT TO YOU.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF
YOU DO NOT HAVE OR KNOW A LAWYER, GO TO OR TELEPHONE THE
OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH
INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

T. LEE ROUSE,                                  CIVIL DIVISION

                                               No.:

    Plaintiff,

v.

KIMBERLY ROSENBERG and
HOWARD ROSENBERG,
her husband, MARTHA LAUX and
COUNSELING AND WELLNESS
CENTER OF PITTSBURGH LLC

    Defendants.

## COMPLAINT IN CIVIL ACTION

Plaintiff, by her undersigned counsel, files this Complaint in Civil Action against Defendants upon the following grounds:

1. Plaintiff T. Lee Rouse is an adult individual who at all times pertinent to this cause of action resided at 545 Spruce Street, Verona, Allegheny County, Pennsylvania, 15147.

2. Defendants Kimberly Rosenberg and Howard Rosenberg are adult individuals and wife and husband who at all times pertinent to this cause of action resided at 916 Settlers Ridge Road, Fox Chapel, Allegheny County, Pennsylvania, 15238.

3. Defendant Martha Laux is an adult individual who at all times pertinent to this cause of action resided at 3306 Laurel Drive, Glenshaw, Allegheny County, Pennsylvania, 15116.

4. Defendant Counseling and Wellness Center of Pittsburgh LLC (hereinafter "Wellness Center") is a Limited Liability Corporation that at all times pertinent to this cause of action maintained its principal place of business at 1010 Western Avenue, Pittsburgh, Allegheny County, Pennsylvania 15233.

5. At all times pertinent to this cause of action, Defendant Laux was the agent, servant and/or employee of Defendant Wellness Center, was acting within the course and scope of her agency, master/servant and/or employment relationship, and upon the business of Defendant Wellness Center.

6. At all times pertinent to this cause of action, Plaintiff was the Mother of her now deceased son, Christian Moore-Rouse (hereinafter "Christian"), who also resided at 545 Spruce Street, Verona, Allegheny County, Pennsylvania, 15238.

## COUNT I – PLAINTIFF V. KIMBERLY ROSENBERG

7. The averments of paragraphs 1 through 6 are incorporated herein by reference as if set forth in full.

8. Christian was born on September 23, 1997.

9. After his high school graduation, Christian attended the Community College of Allegheny County.

2

10.  Adam Rosenberg is the son of Defendants Kimberly and Howard Rosenberg, and at all times pertinent to this cause of action resided with his parents in their above described Fox Chapel residence.

11.  Adam Rosenberg attended the Community College of Allegheny County during some of the same time as Christian, where they met, and Adam Rosenberg cultivated a friendship with Christian.

12.  Defendants Kimberly and Howard Rosenberg were aware of the friendship between their son and Christian, that Adam Rosenberg would use the family's credit card to book rideshare transportation for Christian from his home in Verona to the Rosenbergs' Fox Chapel residence, and Kimberly Rosenberg drove Adam Rosenberg to Christian's residence in Verona on multiple occasions.

13.  Beginning in the Spring of 2019, Adam Rosenberg began and continued to experience and exhibit signs of severe mental illness that were observed by his parents, escalating from paranoid thoughts to bizarre, delusional thoughts and actions, including physically violent acts towards others, some of which resulted in multiple criminal charges against him.

14.  As the result of their observations of their son's severe mental illness and resultant criminal behavior, beginning in March 2019, Defendants Kimberly and/or Howard Rosenberg caused Adam Rosenberg to be involuntarily committed to UPMC Presbyterian/Shadyside – WPIC, an inpatient treatment center for the

severely mentally ill, commonly known as and hereinafter referred to as "Western Psych".

15. Kimberly and/or Howard Rosenberg caused Adam Rosenberg to be involuntarily committed to Western Psych on five separate occasions through the end of the Summer of 2019, with each involuntary commitment being extended after the required judicial quasi-judicial hearings were held to protect Adam Rosenberg's Constitutional rights, based upon the recommendations of the Western Psych medical professionals' opinions regarding Adam Rosenberg's dangerously severe mental illness.

16. Upon completion of each of those involuntary commitments, Adam Rosenberg returned to reside and live with his parents in their above described Fox Chapel residence.

17. In October 2019, Adam Rosenberg overdosed on heroin in his parent's Fox Chapel residence, and Kimberly Rosenberg made a 911 call that resulted in Adam Rosenberg being lifeflighted to UPMC Presbyterian Hospital for inpatient treatment.

18. As the result of the heroin overdose, Adam Rosenberg was in a coma for approximately one week, and continued treatment at UPMC Presbyterian Hospital for a total of three weeks before again being discharged to his and his parents' Fox Chapel residence.

4

19. During the Fall and Winter of 2019, Kimberly and Howard Rosenberg were aware that Christian was the only person to continue to come to their home to spend time with Adam Rosenberg, despite his many problems, and Kimberly Rosenberg continued to drive Adam Rosenberg to Christian's residence in Verona.

20. On December 21, 2019, Adam Rosenberg invited Christian to come to his family's Fox Chapel residence, and ordered a rideshare vehicle to pick Christian up in Verona and drop him off at the Rosenbergs' home.

21. While on the premises of his family's home that evening, Adam Rosenberg used a 9mm Ruger SR9C handgun to shoot Christian in the back of the head, killing him.

22. Adam Rosenberg then dragged Christian's body across the roadway in front of the Rosenbergs' residence into a wooded public park known as Old Sqauw Park Trail and left it there.

23. In the days following December 21, 2019, when Christian did not follow his usual pattern of regular communication with Plaintiff and with Christian's Step-Father, did not return to his home, did not report for work to his job, and did not appear for the family Christmas celebration, on December 25, 2019, Plaintiff and Christian's Step-Father reported him as missing since December 21 to the Verona police.

24.  On January 6, 2020, the Verona police requested assistance from the Allegheny County Police, which assigned Homicide detectives to the investigation.

25.  In the meantime:

a. Kimberly and/or Howard Rosenberg noticed that Christian was no longer coming to their home and/or Adam Rosenberg was no longer asking for a ride to Christian's Verona residence;

b.  Kimberly and/or Howard Rosenberg became aware that Christian had been reported to the police as missing through extensive publicity of his disappearance by local media and/or through numerous posters and/or word of mouth Plaintiff caused to be spread throughout the Verona area, where Howard Rosenberg owned and operated a grocery store;

c.  Adam Rosenberg told his parents what he had done to Christian and gave them possession of the 9mm Ruger SR9C handgun that Adam Rosenberg had used to shoot and kill Christian; or,

d.  in the alternative, Kimberly and/or Howard Rosenberg found the 9mm Ruger SR9C handgun in the portion of their residence premises occupied by Adam Rosenberg, and knew the gun was likely to be evidence of a crime committed by their son Adam.

26.  On a date unknown to Plaintiff, sometime between December 21, 2019 and January 20, 2020, Kimberly Rosenberg and Howard Rosenberg took the 9mm

Ruger SR9C handgun to their marriage counselor, Defendant Laux, and transferred possession of it to Defendant Laux.

27. Kimberly Rosenberg and Howard Rosenberg transferred possession of the 9mm Ruger SR9C handgun to Defendant Laux when:

a. they knew that Adam Rosenberg had used it to shoot and kill Christian; or,

b. in the alternative, they had reason to know and/or suspect that Christian's disappearance was due to the criminal actions of their son Adam Rosenberg; and,

c. Kimberly Rosenberg and/or Howard Rosenberg told Defendant Laux about their son's dangerously severe mental illness, heroin overdose, stroke and/or their knowledge and/or beliefs that Adam Rosenberg was involved in Christian's disappearance; and/or

d. they knew or believed that the 9mm Ruger SR9C series handgun was evidence of Adam Rosenberg's guilt of a crime and/or crimes.

28. Kimberly and Howard Rosenberg gave possession of the gun to Defendant Laux in an effort to prevent or delay the arrest and prosecution of Adam Rosenberg.

29. On January 20, 2020, Defendant Laux went to the Allegheny County Police District 3 Station near to her home and turned in the 9mm Ruger SR9C handgun she had obtained from Defendants Rosenbergs to the police there (who

were not the Allegheny County Police Homicide Detectives investigating Christian's disappearance).

30.  When she did so, Defendant Laux falsely told the police she had found a loaded magazine and the unloaded gun on a trail off of Southridge Drive in North Park while walking her dog.

31.  Defendant Laux made that false statement to the police in an effort to prevent or delay the arrest and prosecution of Adam Rosenberg.

32.  The above described actions and/or inactions of Defendants Kimberly and/or Howard Rosenberg and/or Defendant Laux delayed the police investigation and ultimate March 3, 2020 discovery of Christian's decayed remains in the woods across the road from the Rosenbergs' residence during a search conducted by the police on that date.

33.  During the interim between Defendants Rosenbergs obtaining possession of the 9mm Ruger SR9C handgun and the ultimate discovery of Christian's remains, Plaintiff, his Mother and the person named as the Executrix in his Will, was entitled to make proper disposition of his body.

34.  As the result of the initial actions of Adam Rosenberg in moving Christian's dead body from his residence's grounds to the wooded area, along with the efforts of Defendants Kimberly and Howard Rosenberg and Laux to conceal evidence of his crime, Christian's body could not be found and provided to

8

Plaintiff for proper disposition until it was discovered by the police on March 3, 2020.

35.  As the result, Plaintiff experienced the natural fear and severe emotional distress a Mother emotionally close to her young adult son would experience during that period of time.

36.  Plaintiff then experienced and has continued to experience the horror and severe emotional distress a Mother emotionally close to her young adult son would experience upon learning of the cause and circumstances of his disappearance, death and the reasons and circumstances why he was missing during that prolonged period until his body was discovered.

37.  As the direct result of Defendant Kimberly Rosenberg's above described extreme and outrageous actions and/or inactions that prevented Plaintiff from making proper interment or cremation of Christian's deceased body, Kimberly Rosenberg intentionally and/or recklessly caused Plaintiff to suffer and continue to suffer severe emotional distress.

WHEREFORE, Plaintiff demands judgment for compensatory damages and punitive damages against Defendant Kimberly Rosenberg, individually and/or jointly and severally with the other Defendants, in an amount in excess of the arbitration limits of this jurisdiction.

## COUNT II – PLAINTIFF V. HOWARD ROSENBERG

38. The averments of paragraphs 1 through 37 are incorporated herein by reference as if set forth in full.

39. As the direct result of Defendant Howard Rosenberg's above described extreme and outrageous actions and/or inactions that prevented Plaintiff from making proper interment or cremation of Christian's deceased body, Howard Rosenberg intentionally and/or recklessly caused Plaintiff to suffer and continue to suffer severe emotional distress.

WHEREFORE, Plaintiff demands judgment for compensatory damages and punitive damages against Defendant Howard Rosenberg, individually and/or jointly and severally with the other Defendants, in an amount in excess of the arbitration limits of this jurisdiction.

## COUNT III – PLAINTIFF V. MARTHA LAUX

40. The averments of paragraphs 1 through 39 are incorporated herein by reference as if set forth in full.

41. As the direct result of Defendant Martha Laux's above described extreme and outrageous actions and/or inactions that prevented Plaintiff from making proper interment or cremation of Christian's deceased body, Martha Laux intentionally and/or recklessly caused Plaintiff to suffer and continue to suffer severe emotional distress.

10

WHEREFORE, Plaintiff demands judgment for compensatory damages and punitive damages against Defendant Martha Laux, individually and/or jointly and severally with the other Defendants in an amount in excess of the arbitration limits of this jurisdiction.

## COUNT IV – PLAINTIFF V. WELLNESS CENTER

42. The averments of paragraphs 1 through 41 are incorporated herein by reference as if set forth in full.

43. Defendant Counseling and Wellness Center of Pittsburgh LLC is liable to Plaintiff for the damages she has suffered as the result of the intentional and/or reckless actions and/or inactions of Defendant Laux described above, on the basis of *respondeat superior*, and/or through the negligent failure of Defendant Counselling and Wellness Center of Pittsburgh LLC to train, oversee and monitor the practice of Defendant Laux.

WHEREFORE, Plaintiff demands judgment for compensatory damages and punitive damages against Defendant Counselling and Wellness Center of Pittsburgh LLC, individually and/or jointly and severally with the other Defendants, in an amount in excess of the arbitration limits of this jurisdiction.

11

**JURY TRIAL DEMANDED**

Respectfully submitted,

THE HOMYAK LAW FIRM, P.C.

By: _____
    Mark J. Homyak
    Attorneys for Plaintiff

**VERIFICATION**

I, T. Lee Rouse, hereby swear and affirm that the facts contained in the

foregoing COMPLAINT IN CIVIL ACTION are true and correct to the best of my

information, knowledge and belief.  I understand that the statements made herein

are made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn

falsification to authorities.


12/13/2021
Date

T. Lee Rouse

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
__Allegheny__ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |

Time Stamp

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Notice of Appeal
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| T. Lee Rouse | Kimberly Rosenberg |

☐ **Check here if you are a Self-Represented (Pro Se) Litigant**

Name of Plaintiff/Appellant's Attorney: **Mark J. Homyak**

| Are money damages requested? : ☒ Yes ☐ No | Dollar Amount Requested: (Check one) | _____ within arbitration limits<br>__X__ outside arbitration limits |
| --- | --- | --- |

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**SECTION B**

| **Nature of the Case:** | Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important. |
| --- | --- |

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☒ Other: _Other tort_

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Zoning Board
- ☐ Statutory Appeal: Other
- _____

Judicial Appeals
- ☐ MDJ - Landlord/Tenant
- ☐ MDJ - Money Judgment
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____